UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Newark Vicinage

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE GROUP A/S/O ANGELA SIGISMONDI, | : <br> : <br> : <br> : |
| Plaintiff, | : DOCKET NO.: _____ <br> : |
| v. | : <br> : Civil Action |
| AMAZON.COM, INC., ABC CORPORATION 1 - 10, and JOHN DOES 1 – 10, | : <br> : **COMPLAINT** <br> : |
| Defendants. | : <br> : |

Plaintiff, New Jersey Manufacturers Insurance Group a/s/o Angela F. Sigismondi, by way of Complaint, says:

## JURISDICTION

1. Jurisdiction in this case is based on diversity of citizenship of the parties and the amount in controversy. The plaintiff is an insurance provider based in the State of New Jersey. Defendant, Amazon.com, Inc. is a corporation having its principal place of business in the State of Washington. The amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

## PARTIES

2. Plaintiff, New Jersey Insurance Group ("NJM") is an insurance company doing business in the State of New Jersey with a principal business address at 301 Sullivan Way, West Trenton, New Jersey 08628 and is the homeowners insurance carrier for the property owned by Angela F. Sigismondi, located at 9 Kevin Place, Wayne, NJ 07470.

3. Defendant, Amazon.com, Inc. ("AMAZON") is a company involved in the distribution, marketing, and sale of consumer products with a principal corporate headquarters of business address of 1200 12th Ave. South, Suite 1200, Seattle, WA 98144-2734.

4. Defendant, ABC Corporation 1-10 ("ABC CORPORATION") and John Does 1-10 ("JOHN DOE"), are entities or individuals whose identities are currently unknown, engaged in the business of manufacturing, selling, distributing, and marketing of the subject hoverboard on Amazon.com.

## BACKGROUND

5. On or about April 22, 2016, a fire occurred at the home of NJM's insured at 9 Kevin Place, Wayne, NJ 07470.

6. The fire was found to have originated from a ForTech Smart Scooter ("Hoverboard") which was being charged in an outlet in the family room of the home.

7. The subject hoverboard had been purchased by the ex-husband of NJM's insured as a Christmas present for their children on or about November 2015.

8. Just prior to the discovery of the fire, the insured heard popping and banging sounds which caused her to investigate and eventually discover the fire.

9. The subject Hoverboards had been plugged into the outlets approximately 5 to 10 minutes prior to the discovery of the fire.

10. Due to the fire, significant damage was sustained to the insured's property.

11. As a direct and proximate result of the damages sustained, a claim for property damage was submitted to plaintiff, NJM, for repairs and restoration work to the Sigismondi home and the restoration and replacement of personal property.

12. As a direct and proximate result of the damages sustained, the insureds were forced to secure alternative living arrangements during the time the home was being repaired and restored.

13. As a result of the aforementioned claims, NJM paid for the damages incurred in an amount in excess of $350,000.00 for the subject property.

14. As a result of these payments, NJM now, as subrogee of Angela F. Sigismondi, seeks to recover the aforementioned damages from the defendants, Amazon.com, Inc., ABC Corporation 1- 10, and John Does 1 – 10.

<u>COUNT I</u>
<u>STRICT PRODUCTS LIABILITY</u>

15. Plaintiff repeats the allegations set forth in paragraphs 1 through 14 as though set forth at length herein.

16. Defendants, Amazon, ABC Corporation, and John Doe, were at all relevant times hereto involved in the distribution, marketing, sale and/or placing into the stream of commerce the subject hoverboard, and did distribute, market, sell and/or place into the stream of commerce the hoverboard at issue in this case.

17. The subject hoverboard was purchased on or about November 8, 2015 on the Amazon.com website by NJM's insured's ex-husband as a Christmas gift for their children.

18. At all times relevant to this Complaint, the hoverboard was defective as to design and manufacture at the time it left the facilities of defendants.

19. The defects present at the time the hoverboard was sold, distributed, or placed into the stream of commerce include, but are not limited to:

    a. The hoverboard presented an unreasonably dangerous risk that it would cause a fire while in use;

3

    b.    The materials and the design of the hoverboard were insufficient or inadequate to prevent the hoverboard from causing a fire while in use;

    c.    Defendants failed to ensure the presence of adequate safety features to prevent the hoverboard from causing a fire;

    d.    Defendants failed to ensure the presence of features which might prevent an electrical malfunction from causing a fire;

    e.    The subject hoverboard was unsafe for its intended and foreseeable uses;

    f.    The materials and design of the hoverboard created an unreasonably dangerous risk of fire; and

    g.    Failure to incorporate safety devices or features capable of detecting and/or interrupting a failure or preventing a failure from causing a fire.

20.    Upon information and belief, at the time of the fire the hoverboard was in substantially the same condition as it was the time it was distributed, marketed, and/or sold by defendants.

21.    Under the circumstances then and there existing, defendants' hoverboard was unsafe for its intended use for the reason that the product had caused an unreasonably dangerous condition.

22.    By distributing, selling, and/or placing into the stream of commerce the hoverboard in a defective condition, defendants are strictly liable for the damages sustained by plaintiff's insured.

23. The fire, and the subsequent damage to the property of plaintiff's insured, was due to and proximately caused by the aforementioned defective and unreasonably dangerous conditions.

WHEREFORE, plaintiff, the New Jersey Manufacturers Insurance Group a/s/o Angela Sigismondi, demands judgment in their favor against defendants, Amazon.com, Inc, ABC Corporations 1 – 10, and John Does 1 – 10, in an amount in excess of $350,000.00, together with the costs of this action, and any other relief this Court may deem just and proper.

## COUNT II
## BREACH OF WARRANTY

24. Plaintiff repeats the allegations set forth in paragraphs 1 through 22 above, as though set forth at length herein.

25. At all times relevant to this Complaint, defendants, Amazon, ABC Corporation, and John Does, were involved in the distribution, marketing, sale and/or placing into the stream of commerce, hoverboards such as the one subject to this action, and did distribute, market, sell and/or place into the stream of commerce the subject hoverboard at issue in this case.

26. Defendants, Amazon, ABC Corporation, and John Doe, expressly and/or impliedly warranted that the subject hoverboard was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary or foreseeable manner.

27. The fire on April 22, 2016 and the consequent damage sustained by NJM's insured were caused by defendants' breach of such express and/or implied warranties.

28. As a direct and proximate result of the breach of these express and/or implied warranties, the subject incident occurred, causing the property damage sustained by NJM's insureds, for which it has paid.

29. By reason of the foregoing, plaintiff, NJM suffered damages in an amount in excess of $350,000.00 for the Sigismondi property, together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, the New Jersey Manufacturers Insurance Group a/s/o Angela Sigismondi, demands judgment in their favor against defendants, Amazon.com, Inc, ABC Corporations 1 – 10, and John Does 1 – 10, in an amount in excess of $350,000.00, together with the costs of this action, and any other relief this Court may deem just and proper.

### DESIGNATION OF TRIAL COUNSEL

Dennis J. Crawford, Esquire is hereby designated as trial counsel on behalf of the plaintiff in the within action.

### DEMAND FOR TRIAL BY JURY

Demand is hereby made for a trial by jury as to all issues.

           CRAWFORD & McELHATTON

           BY: /s/ Dennis J. Crawford
                DENNIS J. CRAWFORD, ESQUIRE
                619 South White Horse Pike
                Audubon, New Jersey 08106
                Tel. No.: (856) 310-5550
                Fax No.: (856) 310-9990
                dcrawford@cmlawfirms.com
                Attorney for Plaintiff

Dated: 12/5/2016